Matter of Thaiheed O.H. (2018 NY Slip Op 04282)





Matter of Thaiheed O.H.


2018 NY Slip Op 04282


Decided on June 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2018

Richter, J.P., Webber, Kahn, Kern, Oing, JJ.


6839

[*1]In re Thaiheed O.H., etc., A Child Under Eighteen Years of Age, etc.,
Willie H., Respondent-Appellant,
v
New York Foundling Hospital, Petitioner-Respondent.


Daniel R. Katz, New York, for appellant.
Daniel Gartenstein, Long Island City, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.



Order, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about October 5, 2016, which, upon a finding that respondent father abandoned the subject child, after a hearing, terminated respondent's parental rights and transferred custody and guardianship of the child to the Commissioner of Social Services and petitioner agency for the purpose of adoption, unanimously affirmed, without costs.
Respondent advances no substantive arguments in support of reversing the court's findings that he abandoned the child and that terminating his parental rights would be in the child's best interests. These findings are amply supported in the record. Instead, he argues that he was denied effective assistance of counsel and that the court improperly inserted itself into the proceedings, thereby denying him due process. These arguments are without merit.
Respondent contends first that he was deprived of effective assistance of counsel by his attorney's decision not to cross-examine the agency's witness at fact-finding. Respondent's counsel chose not to participate in the hearing, which proceeded upon inquest, in order to preserve respondent's right to seek to vacate his default. This tactical decision did not deprive respondent of meaningful representation. In any event, the witness's brief testimony firmly established respondent's abandonment of the child, and the record suggests no basis for impeaching the testimony.
Respondent argues next that he received ineffective assistance because his attorney failed to submit a memorandum of law on the issue of "diligent efforts." Although the court permitted respondent to submit a brief, he was not required to do so. In any event, in an abandonment proceeding, there is no requirement that the agency show diligent efforts (Social Services Law § 384-b[5][b]; Matter of Gabrielle HH., 1 NY3d 549, 550 [2003]). Thus, respondent was not prejudiced by his counsel's failure to submit a brief on this issue.
Finally, respondent argues that the court deprived him of a fair trial by "[taking] on the function of an advocate" for the agency. This argument is unpreserved, as respondent concedes,
and in any event without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 12, 2018
CLERK